# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| TIFFANY A. JOHNSON, | |
| Plaintiff, | No. C09-148-PAZ |
| vs. | **ORDER** |
| WAL-MART STORES, INC., | |
| Defendant. | |

This case was initiated by the plaintiff Tiffany A. Johnson on July 20, 2009, with the filing of a Petition in Linn County, Iowa, District Court. In the Petition, Johnson asserts that employees of the defendant subjected her to sexual harassment, retaliation, and wrongful discharge, in violation of Iowa Code chapter 216, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*. Doc. No. 3. On October 8, 2009, Wal-Mart removed the case to this court pursuant to 28 U.S.C. §§ 1331, 1332, and 1441, based on both diversity and federal question jurisdiction. Doc. No. 1.

On November 10, 2010, Wal-Mart filed a motion for summary judgment, supporting brief, statement of material facts, and an extensive appendix of exhibits. Doc. No. 19. Pursuant to the court's Local Rules, Johnson's resistance to Wal-Mart's motion for summary judgment was due by December 6, 2010. LR 56(b). No timely resistance was filed. On December 21, 2010, the court entered an ordered directing Johnson to show cause, by December 27, 2010, why Wal-Mart's motion for summary judgment should not be granted as unresisted. Doc. No. 23.

On December 27, 2010, Johnson filed a document entitled "Plaintiff's Resistance to Defendant's Motion Motion [sic] for Summary Judgment." Doc. No. 24. In six numbered paragraphs comprising two-and-a-half double-spaced pages, Johnson argues material facts exist that should preclude a ruling in Wal-Mart's favor on its motion.

Johnson's purported resistance falls far short of complying with Federal Rule of Civil Procedure 56 or the court's Local Rules. She has not responded to each of Wal-Mart's statements of material fact; she has not provided her own statement of material facts that allegedly are in dispute; she has provided no appendix; and she has failed to respond adequately to each of the grounds asserted by Wal-Mart in its motion. *See* LR 56(b). Moreover, Johnson offered no explanation whatsoever for her failure to file either a timely resistance to Wal-Mart's motion or a timely motion for an extension of the deadline.

In paragraph 6 of her purported resistance, Johnson requests "further time in which to conduct discovery to support her complaint." Doc. No. 24, ¶ 6. To the extent Johnson's request can be deemed a request pursuant to Federal Rule of Civil Procedure 56(f), she has failed to make a proper showing for additional time. Specifically, she failed to file an affidavit affirmatively demonstrating how allowing her additional time will enable her to rebut Wal-Mart's showing of the absence of a genuine issue of fact. *See McFarland v. McFarland*, slip op., 2010 WL 2899013, at **4-5 (N.D. Iowa July 26, 2010) (Bennett, J.), and cases cited therein. Johnson simply asserts that, given time, she "can submit at least one Affidavit in support of her resistance, . . . which Affidavit is expected to contain testimony of Plaintiff's distress over the harassment she was experiencing at work." Doc. No. 24, ¶ 5. Johnson has offered no specifics regarding the elusive Affidavit, nor has she offered any explanation for why she was unable to obtain the Affidavit (or to author it, if she is the proposed affiant) prior to the expiration of the deadline to resist Wal-Mart's motion.

The Eighth Circuit Court of Appeals has held that where a party fails to file an affidavit under Rule 56(f) "showing what facts further discovery may uncover, 'a district court generally does not abuse its discretion in granting summary judgment on the basis of the record before it.'" *Ballard v. Heineman*, 548 F.3d 1132, 1136-37 (8th Cir. 2008) (quoting *Nolan v. Thompson*, 521 F.3d 983, 986 (8th Cir. 2008)); *accord McFarland*,

2010 WL 2899013, at *5. In its motion, brief, and supporting exhibits, Wal-Mart has made a sufficient showing that there are no genuine issues of material fact, and it is entitled to summary judgment on Johnson's claims.

The court finds Johnson's purported resistance to be both untimely and inadequate to rebut Wal-Mart's argument that summary judgment is appropriate in this case. She also has failed to make a proper showing under Rule 56(f) that additional time is warranted to allow her to conduct discovery or to submit further evidence. On the record before it, the court finds Wal-Mart's motion should be granted.

Accordingly, Wal-Mart's motion for summary judgment (Doc. No. 19) is **granted**. Judgment will be entered in favor of Wal-Mart and against Johnson.

**IT IS SO ORDERED.**

**DATED** this 4th day of January, 2011.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT